UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY PAUL WILLIAMS, #61027298,<br><br>                             Plaintiff,<br><br>vs.<br><br>UNITED STATES MARSHALS,<br><br>                            Defendant. | Case No.: 3:22-cv-0139-BAS-BLM<br><br>**ORDER:**<br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 3) AND**<br><br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

      Plaintiff Billy Paul Williams, currently detained, awaiting trial at the Otay Mesa Detention Center in San Diego, California,[1] and proceeding *pro se*, initiated this civil action on January 31, 2022, pursuant to *Bivens v. Six Unknown Named Agents of the Federal*

---

[1] Plaintiff was arrested on July 31, 2021 and charged with importation of a controlled substance in violation of 21 U.S.C. §§ 952 and 960. *See United States v. Williams*, 3:21-cr-2409-WQH-1. He was ordered detained pending trial in that case. *Id.*, ECF No. 19; *see also Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (holding that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

*Bureau of Narcotics*, 403 U.S. 388 (1971). (Compl., ECF No. 1 at 1.) On February 2, 2022, the Court dismissed the action without prejudice for failure to satisfy the filing fee requirement under 28 U.S.C. § 1914(a). ECF No. 2. The Court notified Plaintiff that he had 45 days to either (a) pay the $402 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed to Proceed In Forma Pauperis ("IFP"). On February 14, 2022, Plaintiff filed a Motion to Proceed IFP. (ECF No. 3.)

**I.     Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, the Prison Litigation Reform Act's ("PLRA") amendments to § 1915 require that all prisoners who proceed IFP to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, the PLRA also requires prisoners to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v.*

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2021)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

*King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his IFP Motion, Plaintiff has submitted a certified prison certificate issued by Otay Mesa Detention Center which attests as to his trust account activity pursuant to Section 1915(a)(2) and this district's Civil Local Rule 3.2.  *See* ECF No. 3 at 3; *Andrews*, 398 F.3d at 1119.  This certificate indicates Plaintiff maintained an available balance of $12.76 at the time of filing, has an average monthly balance of $25.00, and an average of $30.00 in monthly deposits.  (*See* ECF No. 3 at 4.)  Therefore, the Court **GRANTS** the motion and assesses an initial partial filing fee of $6.00, pursuant to 28 U.S.C. § 1915(b)(1).  The remaining balance of the $350 total fee owed in this case must be collected by the Otay Mesa Detention Center or any subsequent agency having custody of Plaintiff and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Screening Pursuant to 28 U.S.C. § 1915(e) and § 1915A(b)**

    A.     Standard of Review

The PLRA obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. § 1915(e)(2), (h), § 1915A(a)–(c).  Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek

damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). On the other hand, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In addition, the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). However, it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. <u>Plaintiff's Allegations</u>

In his Complaint, Plaintiff invokes federal question jurisdiction pursuant to *Bivens*. (Compl. ECF No. 1 at 3.) Plaintiff alleges that on August 4, 2021, while transporting him, the U.S. Marshals used metal shackles on his ankles. (*Id.* at 5.) Plaintiff states that he informed the U.S. Marshals that he had a metal plate in his right ankle and requested they use plastic shackles instead, but the Marshals refused. (*Id.*) As a result of using the metal ankle shackles, Plaintiff alleges he suffered "severe nerve damage" to his right ankle. (*Id.*) at 5, 13. He seeks $2,000,000 in damages. (*Id.* at 5.)

C. <u>*Bivens*</u>

"In *Bivens*, the Supreme Court 'recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017)). "In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983.'" *Iqbal*, 556 U.S. at 675–76 (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)). Thus, to state a *Bivens* claim for damages, the plaintiff must allege facts showing that: (1) a right secured by the Constitution or laws of the United States was violated,[3] and (2) the alleged deprivation was committed

---

[3] The Supreme Court has cautioned against expanding *Bivens*' implied right of action into new contexts beyond those already recognized. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017). Although *Bivens* applies to alleged violations of the Fourth Amendment's protection against unreasonable searches and seizures by federal agents, *see Bivens*, 403 U.S. at 391, and to inadequate medical care claims alleged by a federal inmate's decedents under the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14 (1980), it remains unclear whether a *Bivens* cause action may be pursued by a federal pretrial detainee alleging excessive force. *See e.g., Williams v. Fed. Bureau of Prisons,* No. CV 19-00081 JMS-KJM, 2019 WL 2518444, at *2 (D. Haw. June 18, 2019) (assuming on screening that *Bivens* applies to pretrial detainee's excessive force and unconstitutional conditions of confinement claims). The Court will assume such a claim may be actionable, and that Plaintiff is not seeking to extend a *Bivens* remedy "to any new context or new category of defendants," *Corr. Services Corp. v. Malesko*, 534 U.S. 61, 68 (2001)—but it does so for initial screening purposes only. *See Self v. Warden, MCC*, 2019 WL 497731, at *4 & n.4 (S.D. Cal. Feb. 8, 2019) (assuming on screening that *Bivens* applies to pretrial detainee medical care claims); *Iqbal*, 556 U.S. at 677–78 (assuming claims actionable under *Bivens* for purposes of determining whether complaint

by a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

To the extent Plaintiff seeks to hold the U.S. Marshals Service liable for damages for the actions of unidentified individual officers, he fails to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 679. A *Bivens* action may only be brought against a federal official in his or her individual capacity. *See Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). A *Bivens* claim cannot stand against the United States, or any of its departments, offices, or agencies. *See FDIC v. Meyer*, 510 U.S. 471 (1994). "[T[he purpose of *Bivens* is to deter the officer," not the agency. *Id.* at 485. Indeed, the Supreme Court has held that "[a]n extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself." *Id.* at 486.

Accordingly, because Plaintiff's Complaint alleges constitutional violations by the U.S. Marshals, the only named Defendant, his Complaint also fails to state a claim upon which *Bivens* relief may be granted and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1127; *Rhodes*, 621 F.3d at 1004.

D. <u>Leave to Amend</u>

In light of Plaintiff's pro se status, the Court grants him leave to amend his pleading in order to address the deficiencies of pleading identified and to name the individual correctional officers he seeks to hold liable.[4] *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to

---

contained sufficient factual matter, accepted as true, to "state a claim to relief that [wa]s plausible on its face.") (quoting *Twombly,* 550 U.S. at 570).

[4] "A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights." *Cuda v. Employees/Contractors/Agents at or OCCC*, 2019 WL 2062945, at *3–4 (D. Haw. May 9, 2019). He must also identify each person by name if he intends to rely upon and eventually direct the U.S. Marshal to effect service of process on his behalf. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d); S.D. Cal. CivLR 4.1(c); *Walker v. Sumner,* 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates,* 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant").

amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III. Conclusion and Order

For the reasons discussed, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 3);

2) **ORDERS** the Warden of Otay Mesa Detention Center, or their designee, to collect from Plaintiff's trust account the $6.00 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Warden, Otay Mesa Detention Center, 7488 Calzada De La Fuente, San Diego, CA 92231.

4) **DISMISSES** Plaintiff's Complaint in its entirety for failing to state a claim upon which *Bivens* relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

5) **GRANTS** Plaintiff leave to file an amended complaint, **on or before April 11, 2022**, which cures the deficiencies of pleading noted.  Plaintiff's amended complaint must be complete by itself without reference to his previous pleading.  Defendants not named and any claim not re-alleged in his amended complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff fails to file an amended complaint on or before April 11, 2022, the Court

will dismiss this civil action without a further order, based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

DATED: February 24, 2022

Hon. Cynthia Bashant
United States District Judge