UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY PAUL WILLIAMS, #61027298,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br><br>UNITED STATES MARSHALS,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:22-cv-0139-BAS-BLM<br><br>**ORDER: (1) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE (ECF No. 6) AND**<br><br>**(2) GRANTING MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT (ECF No. 7)** |

On January 31, 2022, Plaintiff Billy Paul Williams, a federal detainee being held at Otay Mesa Detention Center California, and proceeding pro se, initiated this civil action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* Compl., ECF No. 1 at 1.)

**BACKGROUND**

On February 2, 2022, the Court dismissed the action without prejudice for failure to satisfy the filing fee requirement under 28 U.S.C. § 1914(a). (ECF No. 2.) The Court notified Plaintiff that he had 45 days to either (a) pay the $402 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed to Proceed In Forma

Pauperis ("IFP"). (*Id.*) On February 14, 2022, Plaintiff filed a Motion to Proceed IFP. (ECF No. 3.) On February 25, 2022, the Court granted Plaintiff's IFP motion, sua sponte screened his Complaint, and dismissed it for failing to state a claim. (*See* ECF No. 4.) The Court granted Plaintiff until April 11, 2022, to file an amended complaint to correct the pleading deficiencies identified by the Court. (*Id.*) On March 11, 2022, Plaintiff filed a Motion for Appointment of Counsel and a Motion for an Extension of Time to File a First Amended Complaint. (ECF Nos. 6, 7.)

**MOTION FOR APPOINTMENT OF COUNSEL**

In his Motion for Appointment of Counsel, Plaintiff states he has been unable to obtain names of the individual United States Mashal deputies who he alleges injured him by shackling his ankle too tightly and seeks counsel to assist him. (ECF No. 6 at 1–2.) He states he has attempted to find out the names and that his sister has also attempted to help do so, to no avail. (*Id.*)

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015) (quoting *Palmer*, 560 F.3d at 970).

Plaintiff has failed to demonstrate a likelihood of success or the legal complexity required to support the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). *See Terrell*, 935 F.3d at 1017; *Palmer*, 560 F.3d at 970. First, while Plaintiff may not be formally trained in the law he appears capable of legibly articulating the facts and circumstances relevant to his claims which are not legally "complex." *Agyeman*, 390

F.3d at 1103. Second, it is simply too soon to tell whether he will be likely to succeed on the merits of any potential constitutional claim against any of the defendants. *Id*.

Plaintiff's argument that he requires appointed counsel to assist with identifying unknown defendants and in order to effect service of the complaint is premature. There is currently no operative pleading before the Court. Although Plaintiff asserts counsel is needed to engage in discovery and identify unknown defendants, this does not necessarily amount to exceptional circumstances. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (holding that where the identity of an alleged party is not known prior to filing of an action, Ninth Circuit authority permits the plaintiff to name a "Doe" defendant and the opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identities). Further, to the extent Plaintiff asserts his detention makes it necessary for counsel, a lack of legal training and limited access to the law library, are issues common to many prisoners and do not amount to exceptional circumstances. *See, e.g., Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990).

Based on the foregoing, the Court finds no "exceptional circumstances" currently exist and **DENIES** Plaintiff's Motion to Appoint Counsel without prejudice.

## MOTION FOR EXTENSION OF TIME

In his Motion for Extension of Time, Plaintiff seeks additional time to prepare his amended complaint, specifically so he can identify and name the federal officers he seeks to name as defendants. (*See* ECF No. 7 at 1.) Plaintiff's request is timely, and he is still detained and proceeding without counsel. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (holding that the court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to . . . technical procedural requirements."). Moreover, "'[s]trict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se . . . plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967)); *see also Bennett v. King*,

205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown).

Under Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, the court may grant an extension of time for "good cause" if the moving party requests the extension before the applicable deadline expires. *Id*. Rule 6(b) must be "'liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1255 (9th Cir. 2010). Here, Plaintiff seeks an extension of time in order to obtain the names of the officers he seeks to name as defendants. *See* ECF No. 7 at 1. Construing Plaintiff's contentions in the light most favorable to him, the Court finds good cause and **GRANTS** his request for an additional 45 days to file his amended complaint. *See Eldridge*, 832 F.2d at 1136.

## CONCLUSION AND ORDER

Accordingly, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 6) without prejudice and **GRANTS** Plaintiff's Motion for Extension of Time (ECF No. 7). Plaintiff is given an additional 45 days, **or until May 26, 2022**, to comply with the Court's February 25, 2022 Order. If Plaintiff fails to file an amended pleading within this time frame, the Court will dismiss this entire action for the reasons set forth in the February 25, 2022 Order and for failing to comply with a Court Order.

**IT IS SO ORDERED**.

**DATED: March 18, 2022**

Hon. Cynthia Bashant
United States District Judge