# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY PAUL WILLIAMS, #61027298,<br><br>                           Plaintiff,<br><br>vs.<br><br>U.S. MARSHAL DOE #1, U.S. MARSHAL DOE #2,<br><br>                           Defendants. | Case No.: 22-cv-0139-BAS-BLM<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b)** |

On January 31, 2022, Plaintiff Billy Paul Williams, a federal detainee being held at Otay Mesa Detention Center California,[1] and proceeding pro se, initiated this civil action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* Compl., ECF No. 1 at 1.) On February 2, 2022, the Court dismissed the action without prejudice for failure to satisfy the filing fee requirement under 28 U.S.C.

---

[1] Plaintiff was arrested on July 31, 2021 and charged with importation of a controlled substance in violation of 21 U.S.C. §§ 952 and 960. (*See United States v. Williams*, 3:21-cr-2409-WQH, ECF No. 8.) He was ordered detained pending trial in that case. (*Id.*) *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

§ 1914(a). (ECF No. 2.) The Court notified Plaintiff that he had 45 days to either (a) pay the $402 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed to Proceed In Forma Pauperis ("IFP"). (*Id.*) On February 14, 2022, Plaintiff filed a Motion to Proceed IFP. (ECF No. 3.) On February 25, 2022, the Court granted Plaintiff's IFP motion, sua sponte screened his Complaint, and dismissed it for failing to state a claim. (*See* ECF No. 4.) The Court granted Plaintiff leave to file an amended complaint to correct the pleading deficiencies identified by the Court. (*Id.*) After receiving an extension of time, Plaintiff filed a First Amended Complaint ("FAC") on May 2, 2022. (ECF No. 9.)

In his FAC, Plaintiff names two United States Marshals as "Doe" Defendants. He alleges he was injured when being transported to his arraignment in federal court by U.S. Marshall Doe #1 ("Doe #1") and U.S. Marshall Doe #2 ("Doe #2"), who shackled his ankle too tightly and refused to loosen it, resulting in nerve damage to his ankle. (*Id.* at 4.)

I.  **PLAINTIFF'S ALLEGATIONS**

In his FAC, Williams alleges that on August 4, 2021, he was transported from Metropolitan Correctional Center ("MCC") to federal court by two unidentified[2] United States Deputy Marshals. (FAC 4–5.) During transport, Williams's ankles were shackled. (*Id.* at 4.) He alleges he told Doe #1 to "either put the shackles a little bit looser or to have tie bands [because he] has screws in [his] ankle." (*Id.*) Doe #1 did not loosen the shackles. (*Id.*) Shortly thereafter, Doe #2 escorted Williams "down the hall" and when Williams asked if he could loosen the shackles, Doe #2 told him to "suck it up." (*Id.*) Williams alleges that as a result of the tight shackles, he has "nerve damage all the way from my ankle to the tip of my toes." (*Id.* at 5.) The constitutional right Williams accuses Defendants of having violated is "negligence due to medical issues." (*Id.* at 3.) He seeks

---

[2] While Plaintiff states he does not know the names of the U.S. Marshals, he provides physical descriptions and notes the day and time he was transported to court by the two Marshals. (*See* FAC 5.) The Court takes judicial notice of the fact that a detention hearing was held in Plaintiff's criminal case on August 4, 2021. (*See United States v. Williams*, 3:21-cr-2409-WQH)

$750,000 in compensatory damages and $250,000 in punitive damages.  (*Id.*)

## II.   LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") requires the Court to review complaints filed by all persons proceeding IFP and by those, like him, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," at the time of filing "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Under 28 U.S.C. § 1915(e)(2) and § 1915A(b), the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).  "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### III. ANALYSIS

Plaintiff's claim appears to be that Defendants used excessive force on him by tightly shackling his ankle while ignoring his complaints of pain due to a pre-existing medical condition. (FAC 4.) The Court liberally construes Plaintiff's claim for violation of his constitutional rights as arising under the Due Process Clause of the Fifth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (noting that "the Due Process Clause [of the Fifth Amendment]" is applicable to claims of pre-trial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.")

#### A. Plaintiff's *Bivens* Action

As a federal pre-trial detainee, Plaintiff raises his claim pursuant to *Bivens*, 403 U.S. 388. "In *Bivens*, the Supreme Court 'recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting *Hernandez v. Mesa*, ---U.S.---, 137 S. Ct. 2003, 2006 (2017) (citation omitted)). The *Bivens* remedy for constitutional violations committed by federal actors applies only in limited circumstances and the Supreme Court has cautioned against expanding *Bivens*' implied right of action into new contexts beyond those already recognized. *Ziglar v. Abbasi*, ---U.S.---, 137 S. Ct. 1843, 1857 (2017).

In this case, the Court need not resolve whether Plaintiff's claim presents an actionable *Bivens* case. Instead, the Court assumes it does, and considers whether Plaintiff's FAC asserts a plausible constitutional violation. *See Hernandez*, 137 S. Ct. at 2007 ("[D]isposing of a *Bivens* claim by resolving the constitutional question, while assuming the existence of a *Bivens* remedy—is appropriate in many cases."); *see also*

*Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (assuming, without deciding, that the plaintiff's claim was an actionable *Bivens* claim, and dismissing claim for failure to sufficiently plead a constitutional violation).

Plaintiff's complaint fails to state a plausible claim that his fifth amendment due process right was violated by Defendants' conduct. As such, his *Bivens* claim fails. *See Iqbal*, 556 U.S. at 663. A pretrial detainee bringing an excessive force claim "must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015); *see also Marquez v. Rodriguez*, No. 3:18-CV-0434-CAB-NLS, 2021 WL 2826075, at *5 (S.D. Cal. July 6, 2021) (assuming on a motion to dismiss that the test for a Fifth Amendment Due Process Clause claim for failure to protect a federal pre-trial detainee is identical to the Fourteenth Amendment objective test set forth in *Kingsley*).

Plaintiff alleges Defendants were "negligen[t]" when they shackled him too tightly and assert that they violated the constitution by "negligence due to medical issues." (FAC 2, 4.) The Supreme Court has stated that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998); *see also Daniels v. Williams*, 474 U.S. 327, 331 (1986) ("Historically, this guarantee of due process has been applied to deliberate decisions of government officials to deprive a person of life, liberty, or property"). Plaintiff's allegation that Defendants' harmful conduct was merely "negligent," undermines his claim that the conduct violated his constitutional rights. Further, the Court fails to see how allegations amounting to negligence could sustain a plausible claim that Defendants' actions were "purposeful or knowing" and that the use of force was "objectively unreasonable" as required to make out a due process violation under *Kingsley*.

Thus, the Court finds that Plaintiff has failed to allege a constitutional violation sufficient to sustain his *Bivens* claim. Accordingly, the Court sua sponte **DISMISSES** Plaintiff's FAC without prejudice based on a failure to state a claim. *See* 28 U.S.C.

§§1915(e)(2) & 1915A(b); *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121; *Iqbal*, 556 U.S. at 678.

### B. Leave to Amend

Given Plaintiff's pro se status, the Court grants him one final opportunity to amend his pleading to attempt to sufficiently allege a *Bivens* claim if he can and if he wishes to attempt to do so. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## IV. CONCLUSION AND ORDER

Good cause appearing, the Court:

1. **DISMISSES** Plaintiff's First Amended Complaint (ECF No. 9) for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

2. **GRANTS** Plaintiff **forty-five (45)** days leave from the date of this Order in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Second Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Second Amended Complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file a Second Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring

1  amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

    3.    **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for use in amending and instructs Plaintiff to utilize the Court's form if he chooses to amend.

**IT IS SO ORDERED**.

**Dated: June 29, 2022**

Hon. Cynthia Bashant
United States District Judge