UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BILLY PAUL WILLIAMS, #61027298, | Case No.: 22-cv-0139-BAS-BLM |
|---|---|
| Plaintiff, | **ORDER: (1) SCREENING SECOND AMENDED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b); AND** |
| vs. | |
| U.S. MARSHAL DOE #1, U.S. MARSHAL DOE #2, | **(2) DIRECTING PLAINTIFF TO PROVIDE WRITTEN NOTICE IDENTIFYING DOE DEFENDANTS FOR SERVICE OF PROCESS** |
| Defendants. | |

I.   INTRODUCTION

Plaintiff Billy Paul Williams is proceeding *pro se* and *in forma pauperis* against Defendants U.S. Marshal Doe #1 and U.S. Marshal Doe #2. Under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), the Court has a duty to screen Plaintiff's claims *sua sponte*. Having reviewed the filings, the Court concludes that Plaintiff's Second Amended Complaint clears the "low threshold" of *sua sponte* screening. The Court, however, is unable to serve Doe defendants. As a result, the Court will require Plaintiff to attempt to identify the Doe defendants and file the proper notice or motion with the Court on or before February 27, 2023.

## II. BACKGROUND

Plaintiff is a federal detainee being held at Otay Mesa Detention Center California.[1] On January 31, 2022, proceeding pro se, he initiated this civil action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* Compl., ECF No. 1 at 1.) Plaintiff names two United States Marshals, Does #1 and Doe #2, as Defendants. (*Id.*) On February 2, 2022, the Court dismissed the action without prejudice for failure to satisfy the filing fee requirement under 28 U.S.C. § 1914(a). (ECF No. 2.) The Court notified Plaintiff that he had 45 days to either (a) pay the $402 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed *In Forma Pauperis* ("IFP"). (*Id.*) On February 14, 2022, Plaintiff filed a Motion to Proceed IFP. (ECF No. 3.) On February 25, 2022, the Court granted Plaintiff's IFP motion, *sua sponte* screened his Complaint, and dismissed it for failing to state a claim. (ECF No. 4.) The Court granted Plaintiff leave to file an amended complaint to correct the pleading deficiencies identified. (*Id.*) Plaintiff filed a First Amended Complaint on May 2, 2022. (FAC, ECF No. 9.) On June 30, 2022, the Court dismissed the FAC without prejudice for failure to state a claim and gave Plaintiff another opportunity to amend. (ECF No. 10.) On July 27, 2022, Plaintiff filed a Second Amended Complaint. (SAC, ECF No. 11.)

In his SAC, Plaintiff alleges on August 4, 2021, he was transported from Metropolitan Correctional Center ("MCC") to federal court by two unidentified[2] United

---

[1] On July 31, 2021, Plaintiff was arrested, charged with importation of a controlled substance in violation of 21 U.S.C. §§ 952 and 960, and ordered detained. *See United States v. Williams*, 3:21-cr-2409-WQH, ECF No. 19. After Plaintiff was indicted, his criminal case was given a new case number, 3:22-cr-1305-WQH. On September 23, 2022, Plaintiff pleaded guilty to a superseding indictment and remains detained awaiting sentencing. *See United States v. Williams*, 3:22-cr-1305-WQH, ECF No. 22; *see also Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) ("[A court] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002))).

[2] While Plaintiff states he does not know the names of the U.S. Deputy Marshals at this time, he notes he was transported to this courthouse on the morning of August 4, 2021. (*See* SAC at 3.) The Court takes judicial notice of the fact that a detention hearing was held regarding Plaintiff's criminal case on that date

States Deputy Marshals, Doe #1 and Doe #2. (SAC at 2.) During transport, Plaintiff's ankles were shackled. (*Id.* at 3.) Plaintiff states he told Doe #1 and Doe #2 that he has "screws in [his] ankles" and asked that they not shackle him too tightly. (*Id.*) Both Defendants "ignored" Plaintiff's request. At some point later, Plaintiff asked Doe #2 if he could loosen the shackles because they were causing pain. (*Id.*) Doe #2 told him to "suck it up." (*Id.*) Ultimately, both Defendants refused to loosen the shackles despite Plaintiff's complaints. (*Id.*) Plaintiff alleges that as a result, he now has nerve damage in his ankle. (*Id.*) He seeks compensatory and punitive damages. (*Id.* at 7.)

### III.   LEGAL STANDARD

The Prison Litigation Reform Act requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," at the time of filing or "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2), 1915A.

Under 28 U.S.C. § 1915(e)(2) and § 1915A(b), the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon

---

before the Honorable Judge William Q. Hayes. *See United States v. Williams*, 3:21-cr-2409-WQH, ECF No. 8.

which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences in favor of the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.* at 678–79.

## IV. ANALYSIS

### A. Screening Excessive Force Claim

Plaintiff claims on August 4, 2021, Defendants Doe #1 and Doe #2 used excessive force in shackling him too tightly, despite his warning that he had "metal screws" in his ankles. (SAC at 3.) While Plaintiff references the Eighth Amendment's "cruel and unusual" language, the Court liberally construes Plaintiff's claim under the Due Process Clause of

the Fifth Amendment.³ *Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints.").

As a federal detainee at the time of filing, Plaintiff raises his claim pursuant to *Bivens*, 403 U.S. 388. "In *Bivens*, the Supreme Court 'recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017)). *Bivens*, however, provides a judicially recognized remedy for constitutional violations committed by federal actors only in limited circumstances. *Id.* Indeed, the Supreme Court has cautioned courts against expanding *Bivens* rights of action to new contexts beyond those already recognized.⁴ *See Abbasi*, 137 S. Ct. at 1857. Most recently, the Court refused to extend *Bivens* to a Fourth Amendment excessive force claim and a First Amendment retaliation claim against a U.S. Border Patrol agent, "[b]ecause our cases have made clear that, in all but the most unusual circumstances, prescribing a cause of action is a job for Congress, not the courts." *Egbert v. Boule*, 142 S. Ct. 1793, 1797, 1800 (2022). But as with Plaintiff's previous complaints, the Court assumes a Fifth Amendment excessive force claim exists for the purpose of this initial screening. (ECF No. 10 at 4); *Self v. Warden, MCC*, No. 3:18-cv-1451-LAB-MDD,

---

³ The Eighth Amendment applies to convicted prisoners, while the Fifth Amendment applies to excessive force claims raised by federal pretrial detainees. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (noting that "the Due Process Clause [of the Fifth Amendment]" is applicable to claims of pre-trial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions" (quoting *United States v. Lovett*, 328 U.S. 303, 317–18 (1946))).

⁴ The Supreme Court has expressly recognized only three types of implied causes of action under *Bivens*: (1) *Bivens* itself recognized an implied cause of action for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; and (3) *Carlson v. Green*, 446 U.S. 14 (1980), recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854–55 (2017).

2019 WL 497731, at *4 n.4 (S.D. Cal. Feb. 8, 2019) (assuming on screening that *Bivens* applies to pretrial detainee medical care claims).

Assuming the existence of a *Bivens* remedy for the purposes of screening, the Court finds Plaintiff's SAC states a plausible excessive force claim against Defendants sufficient to survive the "low threshold" for proceeding past the *sua sponte* screening required under § 1915(e)(2) and § 1915A(b). *See Wilhelm*, 680 F.3d at 1123. To state a claim of excessive force under the Due Process Clause, "a pretrial detainee must [allege] . . . that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015). Excessively tight shackling may be objectively unreasonable force in some circumstances. *See Wall v. Cnty. of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004) (finding excessively tight handcuffing that caused permanent nerve damage violated the Fourth Amendment); *Gregory v. Adams*, No. CIV S-05-1393 FCD EFB P., 2008 WL 486013, at *5 (E.D. Cal. Feb. 19, 2008) (finding a triable issue of fact regarding whether tight handcuffing violated the Eighth Amendment when the defendant handcuffed a plaintiff, who was wearing a wrist brace at the time due to his arthritis and tendinitis, despite the plaintiff's pleas that he was in pain), *adopted by* 2008 WL 780672 (E.D. Cal. Mar. 21, 2008).

Here, Plaintiff informed Defendants that he had screws in his ankle and complained of pain from the tightness of the metal cuffs. (SAC at 3.) Defendants ignored his pleas to loosen the cuffs and told him to "suck it up." (*Id.*) Further, Plaintiff provides documentation of nerve damage resulting from the incident. (*Id.*; Compl. at 12–13.) These allegations allow the Court to plausibly infer that Defendants use of force was knowing and "objectively unreasonable." *See Kingsley*, 576 U.S. at 396. Thus, Court finds that the SAC clears the "low threshold" of *sua sponte* screening. *See Wilhelm*, 680 F.3d at 1123.

### B.   Identifying Doe Defendants for Service

At this time, the Court does not find service appropriate for Defendants Doe #1 and Doe #2 because the U.S. Marshal Service ("USMS") cannot serve a "Doe" defendant.

Nonetheless, the Court will give Plaintiff another opportunity to identify the defendants. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (stating that while "the use of 'John Doe' to identify a defendant is not favored . . . where the identity of alleged defendants will not be known prior to the filing of a complaint[,] . . . the plaintiff should be given an opportunity . . . to identify the unknown defendants unless it is clear that discovery would not uncover the identities"). Thus, the Court will allow Plaintiff more time to identify the Defendants. If Plaintiff can identify Defendants for service, he should *file a motion to substitute* the identities of Defendants Doe #1 and Doe #2 in the SAC, which includes the names of Doe #1 and/or Doe #2 and where they may be located. Even if Plaintiff is unable to ascertain Doe Defendants' complete names and/or a location where they can be found, he should nonetheless endeavor to include enough identifying information to allow for service of process in his motion.[5] If the motion to substitute is granted, the Court will direct the USMS to serve Defendants.

## V. CONCLUSION AND ORDER

For the foregoing reasons, the Court:

1. **FINDS** Plaintiff's SAC satisfies the "low threshold" for proceeding past the *sua sponte* screening required under § 1915(e)(2) and § 1915A(b).

2. **ORDERS** Plaintiff to either: (1) file a motion to amend his SAC to substitute Defendants Marshal Doe #1 and Marshal Doe #2, with their names or, if full names cannot be obtained, sufficient identifying information about Marshal Doe #1 and/or Marshal Doe #2 to allow the USMS to execute service of process on them OR (2) if sufficient identifying

---

[5] Plaintiff provided some information in his previous pleadings which may assist in identifying the defendants, including the time, date, and location he was shackled, the court to which he was transported, and partial physical descriptions of the defendants. (*See* FAC at 5.) If Plaintiff is unable to obtain the names of the defendants, he should include in his filing any and all descriptive information he is able to gather, including information contained in previous pleadings. The Court notes Plaintiff is free to seek information available to his appointed defense counsel in his criminal case or from other individuals who may be able to identify the deputy marshals fitting those descriptions and/or who were assigned to transport detainees between MCC and the federal courthouse (in this case, to the courtroom of District Judge William Q. Hayes) on the morning of August 4, 2021.

information cannot be obtained during the allotted time, file a notice containing a summary of all efforts Plaintiff made to obtain information regarding the identities of Defendants, even if those efforts were ultimately futile. Plaintiff must file the motion to amend or notice with the Court by **February 27, 2023**.

    3.    **NOTIFIES** Plaintiff that the failure to comply with this order will result in dismissal of the unidentified defendants(s) from this action without prejudice for failure to serve with process pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED.**

DATED: November 29, 2022

Hon. Cynthia Bashant
United States District Judge