# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY PAUL WILLIAMS, #61027298,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER COTTS, U.S. Marshal; JOHN DOE, U.S. Marshal,<br><br>Defendants. | Case No. 22-cv-0139-BAS-BLM<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF THIRD AMENDED COMPLAINT UPON DEFENDANT COTTS** |

On January 31, 2022, Plaintiff Billy Paul Williams, a federal inmate proceeding pro se and *in forma pauperis*, initiated this civil action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*See* Compl. at 1, ECF No. 1.) The Court screened and dismissed *sua sponte* his original Complaint and First Amended Complaint under 28 U.S.C. § 1915(e)(2) and § 1915A(b). (ECF Nos. 4, 10.) Plaintiff then filed a Second Amended Complaint ("SAC"), alleging two unnamed deputy U.S. Marshals, Doe #1 and Doe #2, used excessive force in shackling him too tightly, despite his warning that he had "metal screws" in his ankles. (*See* SAC at 3, ECF No. 11.)

On November 29, 2022, this Court screened the SAC and concluded Plaintiff stated

a plausible excessive force claim against Marshal Doe #1 and Marshal Doe #2,[1] sufficient to survive the "low threshold" for proceeding past the *sua sponte* screening required under 28 U.S.C. § 1915(e)(2) and § 1915A(b). (*See* ECF No. 12 at 6.) The Court, however, did not order the U.S. Marshal Service ("USMS") to serve the SAC at that time because Plaintiff had not provided enough information for the USMS to identify the defendants and effect service. The Court gave Plaintiff 90 days to identify the Doe Defendants and file a "motion to amend his SAC to substitute Defendants Marshal Doe #1 and Marshal Doe #2, with either their names or, if full names cannot be obtained, enough identifying information about Marshal Doe #1 and/or Marshal Doe #2 to allow the USMS to execute service of process on them." (*Id.* at 7.)

On January 26, 2023, Plaintiff filed a Third Amended Complaint ("TAC"), which alleges the same facts and grounds for relief as his SAC. (*See* ECF No. 13.) The TAC also identifies Doe Defendant #1 as U.S. Marshal "Officer Cotts." (*Id.* at 1, 2.) Although Plaintiff has yet to identify Marshal Doe #2, his naming of Cotts is sufficient for the case to proceed to service of the TAC for the same reasons discussed in this Court's November 26, 2022 Screening Order.[2] (*See* ECF No. 12 at 6.)

Accordingly, the Court:

1. **DIRECTS** the Clerk of the Court to issue a summons as to Plaintiff's Third Amended Complaint (ECF No. 13) upon Defendant Cotts of the U.S. Marshal Service and to forward it to Plaintiff along with a blank U.S. Marshal Form 285.[3] In addition, the Clerk will provide Plaintiff with certified copies of this Order, his Third Amended Complaint,

---

[1] The Court "assumed the existence of a *Bivens* remedy for purposes of screening." (ECF No. 12 at 4.)
[2] If Plaintiff is later able to identify the remaining Doe Defendant, he may seek permission to amend his TAC accordingly.
[3] Because Plaintiff is suing an officer or employee of the United States in his individual capacity, he must also serve the United States. *See* Fed. R. Civ. P. 4(i)(3). Therefore, the Clerk will include in Plaintiff's IFP package two separate copies of this Order, summons, Plaintiff's Third Amended Complaint, and additional blank U.S. Marshal Form 285s for Plaintiff's use in serving the United States via the United States Attorney for the Southern District of California, and the Attorney General of the United States in Washington, D.C. *See* Fed. R. Civ. P. 4(i)(1)(A)(i), (B).

and the summons so that he may serve Defendant Cotts. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, include an address where service upon Cotts is to be made, *see* S.D. Cal. CivLR 4.1(c), and return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP Package.

2. **ORDERS** the USMS to serve a copy of the Third Amended Complaint and summons upon Defendant Cotts as directed by Plaintiff on the U.S. Marshal Form 285 and to promptly file proof of that service, or proof of any attempt at service, with the Clerk of Court. *See* S.D. Cal. CivLR 5.2. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

3. **ORDERS** Defendant Cotts, once served, to reply to Plaintiff's Third Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) ("The Court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.").

4. **ORDERS** Plaintiff to serve upon Defendant Cotts or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff must also include with the original filing with the Clerk of the Court a certificate stating the manner in which a true and correct copy of the filing was also served on Defendant, or counsel for Defendant, and the date of such service. Any paper received by the Court that has not been filed with the Clerk or that fails to include a Certificate of Service may be disregarded.

**IT IS SO ORDERED.**

**DATED: March 15, 2023**

Hon. Cynthia Bashant
United States District Judge